Fuld, J.
(dissenting). The issue posed on this appeal is not whether the defendant is guilty or innocent of the 1943 murder charged against him or even whether he would have succeeded in establishing his defense of insanity had the trial continued *373 to conclusion. The issue, simply stated, is whether a procedure which, particularly under the circumstances here disclosed, permits a 13-year-old child, admittedly suffering, from epilepsy and perhaps legally insane, to plead guilty to murder in the second degree and be subjected to imprisonment for a term of from 30 years to life violates the due process clause of the Fourteenth Amendment.
In my view, it does and, even more to the point, we so decided when the case was previously here (10 N Y 2d 361). At that time, we disagreed with the conclusion of the courts below that coram nobis was not available to this defendant and, holding otherwise, directed a hearing. In so doing, the court explicitly declared, in an opinion by Chief Judge Desmond, that “the taking of a guilty plea of murder from so young a defendant ” was not permissible unless it appeared on a trial of the defendant’s petition that there was “ at least certainty of guilt and of the complete absence of any plausible defense” (10 N Y 2d, at p. 365).
The hearing which we directed was held, and it is undisputed, that no such showing was made. Far from establishing ‘‘ certainty of guilt ” and an “ absence of any plausible defense ”, the evidence taken at the hearing disclosed that the psychiatrist, who had been prepared to testify on behalf of the defendant upon the trial of the indictment, actually apprised the trial judge, just before the latter accepted the plea of guilt, that the defendant had killed during the throes of an epileptic rage or furor attack. The psychiatrists for the prosecution, it is true, expressed a contrary view but the other expert’s opinion constituted ample foundation for a ‘ ‘ plausible defense ’ ’ to the murder charge.
The order appealed from should be reversed and the defendant’s application for an order in the nature of a writ of error coram nobis granted.
Judges Dye, Van Voorhis, Burke and Scileppi concur with Judge Bergan; Judge Fuld dissents in a separate opinion in which Chief Judge Desmond concurs.
Order affirmed.